UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 12 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Owen D. Leavitt, )
)
    Plaintiff, )
) Case: 1:16-cv-00678
v. ) Assigned To : Unassigned
) Assign. Date : 4/12/2016
Barack Obama *et al.*, ) Description: Pro Se Gen. Civil
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a North Carolina state prisoner incarcerated in Taylorsville, North Carolina. He sues President Barack Obama and the United States seemingly to obtain an investigation of alleged Eighth Amendment violations against him as a prisoner suffering from mental and physical disabilities. *See* Compl. at 1, 4-8 (recounting alleged contacts with President Obama or his staff) (page numbers supplied). Plaintiff seeks as relief what appears to be a change in his custody and the enactment of punitive laws "that protect the mentally and physically disabled in the United States of America." Compl. at 9. If the "relief sought is neglected in any fashion or overlooked," plaintiff "request[s] 100,000 dollars for every hour I'm undergoing illegalities that harm me and make me a[n] unreleased prisoner of North Carolina." *Id.* at 10.

Jurisdiction is wanting for the following three reasons. First, to the extent that plaintiff is seeking an investigation of wrongdoing, the United States Attorney General generally has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution and, as applicable here, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995) (other citation omitted)).

Second, plaintiff's constitutional claims concern the fact or duration of his custody and, thus, are properly pursued via a writ of habeas corpus in a judicial district capable of exercising personal jurisdiction over his warden, which is the U.S. District Court for the Western District of North Carolina. *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (concluding that a "district court [lacks jurisdiction to] entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction").

Third, the enactment of laws, punitive or otherwise, is "vested in a Congress of the United States, which shall consist of a Senate and House of Representatives." U.S. Const. Art. 1, § 1. Therefore, plaintiff's claim seeking such relief from the Executive-branch defendants deprives the Court of jurisdiction because it "'is patently insubstantial, presenting no federal question suitable for decision.'" *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011), *aff'd*, 455 Fed. App'x 1 (D.C. Cir. 2011) (quoting *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (other citations omitted)).

For the foregoing reasons, the Court will dismiss this case without prejudice for the sole purpose of preserving any potential claims arising from the conditions of plaintiff's confinement in North Carolina. A separate order accompanies this Memorandum Opinion.

Date: April 6, 2016

United States District Judge